IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIEUTENANT COLONEL CARLA A. WIESE, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 22-cv-1458-SMY |
| vs. | ) ) |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; LLOYD J. AUSTIN, III, in his official capacity as the United States Secretary of Defense, GENERAL MICHAEL A. MINIHAN, in his official capacity as Commander of the United States Air Force Air Mobility Command, | ) ) ) ) ) ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lieutenant Colonel Carla A. Wiese filed the instant lawsuit alleging that enforcement of the COVID-19 vaccine mandate for military personnel violates her constitutional rights and her rights under the Religious Freedom Restoration Act (Doc. 1). Plaintiff also filed an Emergency Motion for Temporary Restraining Order ("TRO") in which she seeks both an *ex parte* TRO and preliminary injunction (Doc. 3).

While *ex parte* temporary restraining orders are necessary in certain circumstances, they should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer; for example, when notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party

cannot be located in time for a hearing. *American Can Co. v. Mansukhani*, 742 F.2d 314, 321-322 (7th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), the Court may only issue a TRO without notice to the adverse party if the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Here, Plaintiff's counsel filed a written certification accompanying the Plaintiff's Emergency Motion for TRO in which he acknowledges that no effort has been made to provide Defendants with notice (Doc. 3-1). Specifically, Counsel asserts providing notice would be futile because it is apparent that Defendants will not recognize any exceptions to the mandate. But whether or not Defendants recognize any exceptions to the vaccination mandate is irrelevant to their entitlement to notice and an opportunity to be heard before the issuance of injunctive relief.

Moreover, the allegations set forth in the Verified Complaint and Emergency Motion for Temporary Restraining Order do not clearly show an immediate and irreparable injury, loss, or damage that will result to Plaintiff before Defendants can be heard. See, Fed. R. Civ. P. 65(b)(1)(A). Plaintiff was provided with an order from the Department of the Air Force requiring that she receive the mandatory COVID-19 vaccination within five (5) days of June 29, 2022 or submit a request to separate or retire no later than the first day of the fifth month following the final appeal denial on June 29, 2022 (Doc. 48 at ¶¶159, 160). As such, there is no apparent immediacy justifying the emergency injunctive relief Plaintiff seeks via an *ex parte* TRO without notice.

Accordingly, Plaintiff's *Ex Parte* Emergency Motion for Temporary Restraining Order is **DENIED**. Defendants are **DIRECTED** to file a response to the Motion for Preliminary Injunction on or before July 27, 2022. The Court will convene a hearing on the Motion for Preliminary

Injunction on August 1, 2022, at 10:00 a.m. at the Benton Courthouse before the undersigned Judge.

**Plaintiff shall serve this Order on Defendants immediately.**

**IT IS SO ORDERED.**

**DATED:  July 13, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**